# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BCSP 330 NORTH WABASH PROPERTY LLC, and GREAT NORTHERN INSURANCE COMPANY a/s/o Burke Warren McKay & Serritella P.C. ) ) ) ) ) | **Case No.:** **JURY DEMANDED** |
| Plaintiffs, ) ) | |
| v. ) ) | |
| KEHOE DESIGNS, INC., ) ) | |
| Defendant. ) ) | |

## COMPLAINT

NOW COMES the Plaintiffs, BCSP 330 North Wabash Property LLC ("BCSP") and Great Northern Insurance Company ("GREAT NORTHERN"), collectively referred to herein as "Plaintiffs", by and through their respective attorneys, and for their Complaint against Kehoe Designs, Inc. ("Kehoe" or "Defendant"), state as follows:

## NATURE OF THE CASE

1. Plaintiffs seek damages from Kehoe for the resulting real and personal property damages following Kehoe inadvertently striking and causing the discharge of a fire sprinkler in the Plaintiff's commercial high rise property.

2. The discharge of the fire sprinkler caused over $1,500,000.00 worth of property damage to the Plaintiff, BCSP's property and Great Northern insured's' property.

## PARTIES

3. Plaintiff BCSP is a Delaware corporation with its principal place of business located at 200 State Street, Suite 5, Boston, Massachusetts 02109.

4. At all times relevant, BCSP owned the 50-story commercial building located at 330 North Wabash Avenue, Chicago, Illinois 60608.

5. Plaintiff Great Northern Insurance Company is and was at all relevant times an Indiana corporation, with its principal place of business located at 202 Halls Mill Road, Whitehouse Station, New Jersey.

6. At all times relevant hereto, Plaintiff Great Northern's insured, Burke Warren Mackay & Serritella PC ("BWMS") was a tenant occupying the 22nd Floor of the commercial building located at 330 North Wabash Avenue, Chicago, Illinois 60608

7. Defendant Kehoe is an Illinois corporation, with its principal place of business located at 2522 South Leavitt Street, Chicago, Illinois 60608.

8. At all times relevant, Kehoe was in the business of event design and decorating.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because Great Northern Insurance Company is citizen of the State of Indiana, BCSP is a citizen of the State of Delaware, and Kehoe is a citizen of the State of Illinois. The amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because BWMS is located in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

11. On November 2, 2017, BCSP owned the property located on the 23rd floor at 330 North Wabash Avenue, Chicago, Illinois 60608. The event space was being used for corporate activities.

12. At all times relevant hereto, Kehoe was retained to decorate the event space.

13. On November 10, 2017, Kehoe, while in course of performing its work, struck a sprinkler head on the north end of the 23rd floor that caused the sprinkler head to discharge.

14. The discharge of the water caused significant water damage to Plaintiff BCSP's property.

15. At all times relevant hereto, Plaintiff Great Northern's insured, Burke Warren Mackay & Serritella PC ("BWMS") was a tenant occupying the 22nd Floor of the commercial building located at 330 North Wabash Avenue, Chicago, Illinois 60608.

16. The discharge of the water caused significant water damage to Plaintiff, GREAT NORTHERN insured, BWMS's property.

17. The Kehoe employee affirmatively admitted to striking the sprinkler head immediately before the discharge.

## COUNT I – NEGLIGENCE
## BCSP 330 NORTH WABASH PROPERTY LLC

18. Plaintiffs hereby incorporates by reference paragraphs one (1) through fifteen(15) as though fully set forth herein;

19. At all times relevant, Kehoe owed Plaintiff a duty to exercise reasonable care and skill when decorating the vacant space.

20. Kehoe breached the aforesaid duty in one or more of the following ways:

   a. Failing to ensure its employees or agents exercise reasonable care and diligence when performing their work;

   b. Improperly failing to inform its employees to act with reasonable care and diligence when working around the fire sprinkler within the space;

   c. Failing to perform its work in a safe manner so as not to cause damage to property;

    d. Acting, or failing to act, in an otherwise negligent manner.

21. The discharge of the sprinkler was directly and proximately caused by the Kehoe employee bumping the fire sprinkler head.

22. As a direct and proximate result of Defendant Kehoe's negligence, the property of BCSP was significantly damaged.

Wherefore, Plaintiff, BCSP 330 North Wabash Property LLC and Great Northern Insurance Company request that judgment be entered in its favor and against Defendant Kehoe in the amount of $508,044, together with costs and such other relief as the Court deems equitable and just.

## COUNT II– NEGLIGENCE
## GREAT NOTHERN INSURANCE COMPANY

23. Plaintiff hereby incorporates by reference paragraphs one (1) through seventeen (17) as though fully set forth herein;

24. At all times relevant, Kehoe owed Plaintiff's insured BWMS a duty to exercise reasonable care and skill when performing work and decorating the vacant space.

25. Kehoe breached the aforesaid duty in one or more of the following ways:

    a. Failing to ensure its employees or agents exercise reasonable care and diligence when performing their work such to cause;

    b. Improperly failing to inform its employees to act with reasonable care and diligence when working around the fire sprinkler within the space;

    c. Failing to perform its work in a safe manner so as not to cause damage to property;

    d. Acting, or failing to act, in an otherwise negligent manner.

26. The discharge of the sprinkler was directly and proximately caused by the Kehoe employee bumping the fire sprinkler head.

4

5

27. As a direct and proximate result of Defendant Kehoe's negligence, the property of Plaintiff, Great Northern's insured BWMS was greatly damaged.

28. At all relevant times mentioned herein, BMWS was the named insured on a policy of insurance (policy#35892098) (the "subject policy") issued by Plaintiff Great Northern.

29. Pursuant to the subject policy, Great Northern has paid $1,709,479.53 to date to and/or on behalf of BMWS as a result of the damage sustained from the water loss on the date of loss and caused by Defendant Kehoe's admitted negligence.

30. By virtue of the provisions contained within the subject policy and payments made to its insured, BMWS, Great Northern is subrogated to the rights of BMWS to bring this action against the Defendant, KEHOE.

Wherefore, Plaintiff, Great Northern Insurance Company, an Indiana corporation, request that judgment be entered in its favor and against Defendant Kehoe in the amount of $1,709,479.53, plus costs and such other relief as the Court deems equitable and just.

Date: July 19, 2019

Respectfully Submitted,

COZEN O'CONNOR


By:   /S/ JONATHAN M. LEVY
Attorney for Plaintiff
BCSP 330 North Wabash Property LLC

Jonathan M. Levy
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel: (312) 382-3100
Facsimile: (312) 706-9723
*jlevy@cozen.com*


SCHULER, DALLAVO & CASIERI

By:   /S/ EDWARD ORDONEZ (*WITH CONSENT*)
Attorney for Plaintiff- Great Northern Insurance Company

Edward Ordonez
Schueler, Dallavo & Casieri
233 S. Wacker Drive, Suite 5230
Chicago, Illinois 60606
Tel: (312) 831-4148
eordonez@sdc-atty.com